UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ROY L. DENTON )
    *Plaintiff* )
) No. 1:07-cv-211
v. )
) *Collier/Carter*
STEVE RIEVLEY, in his individual capacity, )
    *Defendant* )

## REPORT AND RECOMMENDATION

The defendant Steve Rievley seeks attorney's fees under 42 U.S.C. § 1988 as the prevailing party in plaintiff's claims brought under 42 U.S.C. § 1983.[1] [Doc. 147]. Plaintiff brought this action against Officer Steve Rievely in his individual capacity asserting claims under 42 U.S.C. § 1983 for false arrest and excessive force and for warrantless entry into and unlawful search of his house. Plaintiff also brought a state law claim for assault.

This action arises from an incident occurring in the early morning hours of September 9, 2006 when Officer Rievely was dispatched to defendant's residence on a domestic violence call. Police had received a call that plaintiff and his son, Dustin, had assaulted Plaintiff's other son, Brandon. During the course of the call, defendant arrested plaintiff and entered the house to arrest Dustin. Plaintiff subsequently filed this action.

The Court granted in part the defendant's motion for summary judgment dismissing with prejudice plaintiff's Section 1983 claims for false arrest and excessive force and his state law claim for assault. But the Court also denied in part the defendant's motion for summary judgment as to plaintiff's Section 1983 claims for warrantless entry into and unlawful search of his house. (*See* Doc. 52). Trial commenced on these remaining claims on April 12, 2010, but the

---

[1]This motion is before the undersigned Magistrate Judge having been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

1

jury was unable to reach a verdict. Subsequently, a second trial was held in August 2010, and the jury returned a verdict for the defendant.

Defendant asserts he is entitled to attorney's fees under 42 U.S.C. § 1988 on the ground that he is the prevailing party and the plaintiff filed "countless motions, some of which were motions to ask this Court to reconsider its rulings for the second (or third) time on previous motions." (Defendant's Motion for Attorney's Fees, Doc. 147 at p.1).

Under what is known as the American Rule, a prevailing party in the United States may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award. *Shimman v. Int'l Union of Operating Engineers, Local 18,* 744 F. 2d 1226, 1229 (6th Cir. 1984). An exception arises where Congress provides a statutory right to attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 2 (1983) (discussing statutory exceptions to the American Rule).

Defendant seeks attorney's fees under 42 U.S.C. § 1988(b). Section 1988(b) does not authorize attorney's fees to the prevailing party in state law claims. *See* 42 U.S.C. § 1988(b).[2] It does provide for attorney's fees, in certain circumstances, to the prevailing party in claims brought under 42 U.S.C. §§1981 and 1983. *Hensley*, 461 U.S. at 433 n. 2; *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 793 (6th Cir. 1988).

---

[2]42 U.S.C. § 1988(b) states in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

The test for awarding attorney's fees to a defendant as a prevailing party under 42 U.S.C. § 1988(b) is whether the plaintiff's action was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)); *Lowery v. Jefferson County Bd of Education. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009); *Tarter v. Raybuck*, 742 F.2d 977, 985 (6th Cir. 1984). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." *Hughes,* 449 U.S. at 14. The Supreme Court in *Christiansburg Garmet Co.*, 434 U.S. at 421-422, cautioned against awarding fees too freely to prevailing defendants in civil rights cases:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predicable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*See also, Tarter,* 742 F.2d at 986 (quoting *Christianburg* in the context of a suit brought under 42 U.S.C. §§ 1983 and 1988); *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct"); *accord*, *Lowery*, 586 F.3d at 437.

Plaintiff's conduct in filing and maintaining this action does not rise to the level of "a truly egregious case[] of misconduct" that merits awarding attorney's fees to a defendant

3

pursuant to Section 1988. Plaintiff's claims for unlawful entry and unlawful search of his house were not frivolous or lacking in foundation. These claims survived a summary judgment motion, and a jury deliberating these claims in the first trial could not reach a unanimous decision in favor of or against the plaintiff. As for plaintiff's claims of false arrest and excessive force, while defendant was granted summary judgment as to these claims, they were not baseless or frivolous. Plaintiff stated a claim for false arrest and excessive force in his complaint. Moreover, defendant has made no attempt to differentiate fees incurred for work performed on the false arrest and excessive force claims and for work performed on the unlawful entry and unlawful search claims. Indeed, such a differentiation would be difficult, especially for fees incurred during discovery, because the facts relating to all claims brought by plaintiff arise from the same incident and are therefore intertwined.

For the reasons stated herein, it is RECOMMENDED defendant's motion for attorney's fees pursuant to Section 1988 be DENIED[3].

s/William B. Mitchell Carter<br>
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(a). Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).